■ LOUISE DE BEAUMON, Now Known as LOUISE CARSON, Respondent, v CLAUDE DE BEAUMON, Appellant.—In a matrimonial action in which the parties were divorced by judgment entered September 17, 1984, the defendant husband appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), entered August 25, 1987, which denied his motion for an order directing "immediate compliance" with the directives of the divorce judgment.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to ascertain which provisions of the divorce judgment pertaining to the equitable distribution of the marital assets remain unsatisfied and to implement appropriate methods for enforcing compliance with those provisions of the divorce judgment.

A review of the record discloses that at the time of the

defendant's motion, made approximately three years after entry of the divorce judgment, neither party had complied with provisions of the judgment pertaining to the equitable distribution of the marital assets, as affirmed by this court (see, *De Beaumon v De Beaumon,* 118 AD2d 531). The defendant had not complied with a provision to execute and deliver to the plaintiff wife a deed conveying all his interest in real property owned by the parties as tenants by the entirety in Wantaugh, New York. Similarly, the plaintiff had failed to convey to the defendant all her interest in real property located in Hampton Bays, New York, in accordance with the divorce judgment. Neither party had complied with the provision to execute a release so that moneys currently frozen in their joint accounts at First Federal Savings and Loan Association could be divided equally between them, nor had either executed the necessary documents to effectuate a sale of a jointly owned parcel of land in Englewood, Florida, so that the proceeds could be divided equally between them. It also appears that the defendant had not complied with the court's directive to assign and deliver to the plaintiff 68 shares of stock in the Chrysler Motor Corporation or its equivalent, in cash, based on the stock's closing value as of June 22, 1984. It is not entirely clear from the record whether or not other equitable distribution provisions of the divorce judgment have been effectuated. No reasonable excuse is ascertainable from the record on appeal for either party's noncompliance with the mandates of the divorce judgment, particularly where applications for a stay pending the appeal were repeatedly denied by this court. Such contemptuous conduct breeds disrespect for judicial proceedings, necessitating intervention by the court to enforce its mandates. Consequently, we remit the matter to the Supreme Court, Nassau County, to conduct a hearing to ascertain which provisions of the judgment pertaining to the equitable distribution of the marital assets have not been adhered to by the recalcitrant parties and to implement appropriate methods for enforcing compliance with the divorce judgment. Brown, J. P., Kunzeman, Rubin and Kooper, JJ., concur.